IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK19-80064 |
| SPECIALTY RETAIL SHOPS HOLDING ) | (Jointly Administered) |
| CORP., et al.[1], ) | |
| ) | CHAPTER 11 |
| Debtor(s). ) | |

ORDER

      This matter is before the court on 1st Avenue Self Storage, LLC's request for payment of administrative expense claim (Fil. # 838) and Debtors' First Omnibus Response and Objection to Requests for Allowance of Administrative Expenses (Fil. #1386) . Alexander J. Kessler and Carly Bahramzad represent the claimant, and James J. Niemeier, Michael T. Eversden, Lauren R. Goodman, James H.M. Sprayregen, Patrick J. Nash, Jr., Travis M. Bayer, and Steven Serajeddini represent the debtor. The parties agreed that the legal issue of whether the lease as amended is enforceable could be submitted to the court on briefs, and the matter is now ready for decision.

      The request is granted to the extent of $12,109.03 in post-petition rent due for January 2019, and denied in all other respects.

      1st Avenue Self Storage, LLC , as landlord, leased store premises in Utah, to the Shopko Stores Operating Co., LLC, ("Shopko") beginning in 2015. In December 2018, as Shopko attempted to triage its financial condition, the parties negotiated a reduced rental rate in exchange for keeping the store open post-petition. Shopko continued to operate the store and paid the lower amount of rent

---

[1]The debtors in these Chapter 11 cases are:
- Specialty Retail Shops Holding Corp.;
- Pamida Stores Operating Co., LLC;
- Pamida Transportation LLC;
- Penn-Daniels, LLC;
- Place's Associates' Expansion, LLC;
- Retained R/E SPE, LLC;
- ShopKo Finance, LLC;
- ShopKo Gift Card Co., LLC;
- ShopKo Holding Company, LLC;
- ShopKo Institutional Care Services Co., LLC;
- ShopKo Optical Manufacturing, LLC;
- ShopKo Properties, LLC;
- ShopKo Stores Operating Co., LLC;
- SVS Trucking, LLC.

      The cases have been procedurally consolidated and are being jointly administered under the case caption listed above.

in February, March, and April 2019. The store closed in late April 2019. The landlord now seeks the allowance of an administrative expense claim of $55,302.14, representing $18,466.40 in stub rent for the post-petition period in January and $36,835.74 for the difference between the rent due under the original lease and the reduced amount Shopko actually paid under the amended lease. The landlord takes the position that it is not bound by the terms of the amended leases because no consideration was given in exchange for the reduced rent. The debtor concedes that it owes stub rent, but calculates the amount at $12,129.03, and expressly denies that it owes any additional rent.

The landlord submitted the declaration of Judd Kessler (attached to Fil. No. 1892) in support of its request.[2] The relevant facts are not in dispute. The parties entered into a long-term lease of commercial space in Brigham City, Utah, on November 17, 2015, for Shopko Store #104. The monthly base rent was $35,778.58, plus utilities, insurance, property taxes, and other amounts as they came due. Shopko paid the base rent in a timely manner through December 2018. Shopko's leasing agent contacted the landlord on Saturday, December 15, 2018, to advise that it intended to file bankruptcy and would close Store #104 immediately and reject the lease unless the lease was amended to reduce the base rent. On Monday, December 17, 2018, the leasing agent emailed the lease amendment to the landlord with a request that it be signed and returned within two hours. The parties executed the "First Amendment to Lease" reducing the base rent to $23,500.00 per month and shortening the term of the lease. Shopko did not pay rent in January 2019 and filed its Chapter 11 petition on January 16, 2019. It paid the reduced rent to the landlord for February, March, and April 2019. On April 26, 2019, Shopko rejected the lease and closed Store #104. The landlord then filed its request for payment of its administrative expense claim, and Shopko objected. The legal issue regarding the enforceability of the amendment to the lease is now before the court.

The landlord's arguments are premised on Utah law, which governs the lease. "Under Utah law generally, formation of a contract requires an offer, an acceptance, and consideration." *Bird v. Wardley (In re White),* 606 B.R. 908, 919 (Bankr. D. Utah 2019) (citation omitted). One of the cornerstone rules of contract law is that an agreement must be supported by adequate consideration. *In re Estate of Beesley*, 883 P.2d 1343, 1351 (Utah 1994) (citing *Resource Mgmt. Co. v. Weston Ranch & Livestock Co.*, 706 P.2d 1028, 1036 (Utah 1985)). This is because contract law exists to enforce mutual bargains, not gratuitous promises. *See* E. Allan Farnsworth, 1 *Farnsworth on Contracts* § 2.5, at 85 (3d ed. 2004).

"Consideration is present when there is an act or promise given in exchange for the other party's promise. Thus, 'there is consideration whenever a promisor receives a benefit or where [a] promisee suffers a detriment, however slight.'" *Cea v. Hoffman*, 276 P.3d 1178, 1186 (Utah Ct. App. 2012) (internal citations omitted). The landlord argues that it received no consideration for its agreement to accept reduced rent, so the agreement is unenforceable. It cites the legal proposition that "[a]s a general rule, a creditor who agrees to accept a lesser amount than is due is not bound by his

---

[2] The debtor noted its limited objections to the declaration, particularly to the second and third sentences of paragraph 5, the second sentence of paragraph 9, and paragraphs 10, 11, and 12, as they contain legal conclusions. The court sustains those limited objections and will consider the declaration only for its factual statements and not for its legal arguments.

agreement, because of lack of consideration." *Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730, 733 (Utah 1985).

Shopko contends its promise not to close Store #104 and reject the lease immediately upon filing bankruptcy was sufficient consideration for the landlord's agreement to accept reduced rent. "Promises made by a party pursuant to a bilateral contract to do an act or to forbear from doing an act that would be detrimental to the promisor or beneficial to the promisee may constitute the consideration for the other's promise." *Res. Mgmt. Co..*, 706 P.2d at 1036 (citing *Sugarhouse Fin. Co. v. Anderson*, 610 P.2d 1369, 1372 (Utah 1980)).

The landlord maintains that Shopko's promise not to reject the lease in bankruptcy is unenforceable and therefore illusory, and as such cannot constitute consideration for a contract. "When there exists only the facade of a promise, *i.e.*, a statement made in such vague or conditional terms that the person making it commits himself to nothing, the alleged 'promise' is said to be 'illusory.'" *Res. Mgmt. Co.* at 1036. "An illusory promise, neither binds the person making it, 1 *Corbin on Contracts* § 145 (1963), nor functions as consideration for a return promise. *Id.* at 628." *Id.*

Regardless of whether or not Shopko and its agent had the ability pre-petition to waive the debtor in possession's right to assume or reject the lease[3] – because a promise to do something the promisor had no authority to do is not valid consideration – Shopko's additional promise to not close the store immediately nevertheless did provide consideration for the landlord's promise to accept reduced rent. Here, the landlord's own evidence clearly shows that in exchange for the rent reduction, Shopko agreed to remove the store from its "upcoming closure list." Jake Schumer email message, Ex. 2 to Kessler Decl. (Fil. No. 1892-1). "[C]onsideration is often found in the obligor's agreement to alter the means or method of payment of the obligation initially owed, or to surrender the assertion of a legally enforceable right." *Sugarhouse Fin. Co.*, 610 P.2d at 1372.

The post-amendment events did not somehow retroactively render the lease as amended unenforceable. The promise to keep the store open did not contain a time limit. The parties continued their relationship under the terms of the amended lease for another four months. Shopko paid the re-negotiated rental rate, and the landlord accepted it. When Shopko ultimately closed the store in late April, that action was not a failure of consideration. Rather, it was merely a breach of contract, for which the landlord has other remedies.

---

[3]*Compare In re Pease*, 195 B.R. 431 (Bankr. D. Neb. 1996) (holding that Chapter 11 debtors' pre-petition waiver of automatic stay was per se unenforceable), and *In re Trans World Airlines, Inc.*, 261 B.R. 103, 114 (Bankr. D. Del. 2001) (holding that "a debtor may not agree to assume or reject an executory contract until after the bankruptcy case is commenced and the debtor is acting in the capacity of debtor-in-possession") *with, e.g., S.W. Ga. Bank v. Desai (In re Desai)*, 282 B.R. 527 (Bankr. M.D. Ga. 2002) (holding that pre-petition stay waivers are enforceable in certain circumstances) and *In re Frye*, 320 B.R. 786 (Bankr. D. Vt. 2005) (same).

Because the debtor paid the amount it owed under the amendment to the lease, which was a valid contractual agreement between the parties, it does not owe the Landlord a debt for February, March, or April 2019 rent.

For January 2019, Shopko should have paid $23,500 in rent, which was the rate effective as of January 1, 2019, under the amendment to the lease. This claim is based on §§ 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code. Under § 365(d)(3), a Chapter 11 debtor must timely perform all obligations of the debtor under an unexpired lease of non-residential real property until such time as the lease is assumed or rejected. Section 503(b)(1)(A) gives a creditor an allowed administrative expense claim for "the actual, necessary costs and expenses of preserving the estate[.]"

The Eighth Circuit Court of Appeals addressed the issue of post-petition, pre-rejection rent owed under those two Code section in *Reiter v. Wedemeier (In re Wedemeier)*, 237 F.3d 938 (8th Cir. 2001) and *Burival v. Roehrich (In re Burival)*, 613 F.3d 810 (8th Cir. 2010). This court discussed the appropriate analysis and application of those decisions to other claims for stub rent as administrative expenses in this case in its Order of August 26, 2019 (Fil. No. 1863). The relevant portions of that decision are hereby adopted and incorporated herein.

The debtor agrees it owes the landlord $12,129.03 in post-petition rent for January. This is the product of the number of days in January after Shopko filed its bankruptcy petition multiplied by the monthly rent of $23,500 pursuant to the lease as amended. Because the landlord's request is based on the higher rent owed under the original lease, it is overruled.

IT IS ORDERED: 1st Avenue Self Storage, LLC's request for payment of administrative expense claim (Fil. No. 838) is granted to the extent of $12,109.03 in post-petition rent due for January 2019, and denied in all other respects. Because this order pertains to only one of several issues raised in Debtors' First Omnibus Response and Objection to Requests for Allowance of Administrative Expenses (Fil. No. 1386), it is not final for purposes of appeal until a final order is issued.

DATED: December 16, 2019.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 *Alexander J. Kessler  Michael T. Eversden  James H.M. Sprayregen
 *Carly Bahramzad  Lauren R. Goodman  Patrick J. Nash, Jr.
 James J. Niemeier  Travis M. Bayer  Steven Serajeddini
 United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.